FIRST NATIONAL BANK OF PLATTSMOUTH, APPELLANT, V. SIMEON RECTOR ET AL., APPELLEES.

FILED OCTOBER 5, 1899. No. 8,965.

Religious Societies: DEBTS: LIABILITY OF MEMBER. A member of an unincorporated religious society not founded for the purpose of gain or pecuniary profit is not individually liable for its debts, unless he authorized the incurring of the obligation or subsequently ratified the same.

APPEAL from the district court of Cass county. Heard below before RAMSEY, J. *Affirmed.*

*Beeson & Root,* for appellant.

*C. S. Polk* and *Stewart & Munger, contra.*

NORVAL, J.

The unincorporated religious society known as the Methodist Episcopal Church of Weeping Water, in November, 1888, entered into a written contract with the First National Bank of Plattsmouth for the purchase of eighty acres of land in Cass county situate near the town of Weeping Water. The land was bought to enable the society, by the subsequent sale of the premises, to erect and maintain a college or seminary of learning, as well as for the advancement of the cause of religion. The

society sold forty acres of the land, and the proceeds were applied on the claim of the bank. Full payment on the contract of the purchase-money not having been made as therein provided, the bank commenced foreclosure proceedings against the society to subject the other forty acres to the payment of the purchase price. A decree of foreclosure was entered, the land sold thereunder, and the sum realized was applied on the decree, leaving a deficiency of $1,573.73, for which sum a deficiency judgment was rendered in favor of the bank on October 10, 1892. Execution was issued on the judgment, and the same was levied on the church property. Simeon Rector and others, as trustees of the Methodist Episcopal Church of Weeping Water, instituted a suit to enjoin the bank from selling the church property, to cancel and annul the deficiency judgment, and to restrain the collection thereof upon various grounds, which need not be here stated. A decree was rendered therein perpetually enjoining the sale of the church building and parsonage, the court refusing to enjoin the collection of the deficiency judgment. The present suit was instituted by the bank against the individual members of the society under sections 24 and 27 of the Code of Civil Procedure, to subject their individual property to the payment of the deficiency judgment. Issues were joined, and a trial thereof was had, which resulted in a decree in favor of the defendants, dismissing plaintiff's petition. The bank has prosecuted an appeal.

The sole question presented by the record is whether under the undisputed facts plaintiff had a right to recover in the present suit under sections 24 and 27 of the Code of Civil Procedure, which reads as follows:

"Sec. 24. Any company or association of persons formed for the purpose of carrying on any trade or business, or for the purpose of holding any species of property in this state, and not incorporated, may sue and be sued by such usual name as such company, partnership, or association may have assumed to itself or be known by,

and it shall not be necessary in such case to set forth in the process or pleading, or to prove at the trial, the names of the persons composing such company.

"Sec. 27. If the plaintiff, in any judgment so rendered against any company or partnership, shall seek to charge the individual property of the persons composing such company or firm, it shall be lawful for him to file a bill in chancery against the several members thereof, setting forth his judgment and the insufficiency of the partnership property to satisfy the same, and to have a decree for the debt, and an award of execution against all such persons, or any of them, as may appear to have been members of such company, association, or firm."

A reading and consideration of the foregoing provisions leads to the irresistible conclusion that it was never the intention of the legislature that said section 27 should apply to members of church societies or religious associations. Execution is permissible to issue against the individual under said section only when the partnership property of the company or firm is insufficient to satisfy the debts thereof. A religious society, within the meaning of the statute, can have no partnership assets. Such a society is not organized for the purpose of business or profit of its members, but to advance and promote the cause of religion. The authorities quite generally agree that members of a voluntary unincorporated association, such as a religious society, are not individually liable for its debts, unless they authorized the incurring of the obligation or subsequently ratified the same. The rule is thus stated in 1 Bates on Partnership at section 75: "A club or unincorporated association not formed for the purposes of gain or pecuniary profit is not a partnership. The fact that they have common property or a joint fund does not make them partners. * * * As these associations are not formed for profit or loss, if a contract is made in their society name, the associates are not bound by it, unless it was authorized by them; but all the officers or members who joined in

making or authorizing the contract are represented by the joint name, and they are liable upon it, on the ground of principal and agent and not of partnership." To the same effect is Mechem, Agency, sec. 72; and a like· doctrine was recognized and applied by this court in *Hornberger v. Orchard*, 39 Nebr., 639. In the case with which we are dealing there is no averment or proof that the defendants authorized the making of the contract with the bank, or that they afterward, with knowledge thereof, ratified the same. The decree is right, and is

AFFIRMED.